■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRYAN LA ROSE, Respondent, v JAMES CAMPBELL, as Sheriff of Albany County, et al., Respondents. [631 NYS2d 457] —Casey, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), entered March 7, 1995, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In this habeas corpus proceeding, petitioner, who is currently in the custody of respondent Commissioner of Mental Health pursuant to his plea of not responsible by reason of mental disease to two counts of sodomy in the first degree, seeks a writ asserting that the proceeding in which he originally entered his plea was defective. At the outset, we note that although respondents vigorously argue that habeas corpus is not available to challenge the entry of petitioner's plea because he had the remedy of a direct appeal or motion to withdraw (*see, e.g., People ex rel. Whitehead v Jones*, 184 AD2d 801) and petitioner maintains that such a remedy is available (*see, e.g., People ex rel. Thorpe v Von Holden*, 63 NY2d 546), we do not find it necessary to resolve this question because we find that petitioner's underlying allegations of impropriety lack merit.

Specifically, petitioner alleges that County Court erred in the original plea proceeding by allowing only one psychiatrist to testify when evidence from two qualified psychiatric examiners is called for in CPL 330.20 (2). However, the procedures for taking and entering a plea of not guilty for reason of mental disease or defect is actually governed by CPL 220.15. CPL 330.20 specifically refers to *postjudgment* procedures to be followed subsequent to such a plea (*see*, CPL 220.15 [6]). Significantly, our review of the record reveals that County Court sufficiently followed the procedures called for in CPL 220.15 when petitioner's plea was taken. Petitioner's remaining contentions are similarly unpersuasive and, accordingly, we find no error in the denial of the writ.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.